Rose **CHANDLER**, Plaintiff–Appellant,

v.

**CASE WESTERN RESERVE UNIVERSITY**, Defendant–Appellee.

No. 01–3604.

United States Court of Appeals, Sixth Circuit.

March 5, 2003.

Before BOGGS and NORRIS, Circuit Judges; and BELL, Chief District Judge.*

PER CURIAM.

Plaintiff Rose Chandler ("Chandler") appeals the district court's dismissal with prejudice of her employment discrimination action against her former employer, Case Western Reserve University (the "University"). Previously, the district court dismissed an identical case against the University. *Chandler v. Case W. Reserve Univ.*, No. 98–CV–3009 (N.D.Ohio) ("Chandler II").[1] In the dismissal, Chandler's ability to refile was expressly conditioned on her meeting several requirements including paying a portion of the University's attorneys fees. Although she was unable to satisfy this requirement. Chandler refiled her claims in this action. As she had not met the conditions for refiling, this action was dismissed with prejudice. Chandler appeals this dismissal, and for the following reasons, the district court's decision is AFFIRMED.

## I.

Chandler filed her complaint against the University in *Chandler II* alleging claims of sexual harassment and retaliatory termination. As set forth in the case

---

* The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

1. In 1996, Chandler asserted claims of race and age discrimination in violation of federal and state law and claims of retaliation based on race and age in violation of federal and state law. *Chandler v. Case W. Reserve Univ.*, No. 96–CV–0461 (N.D.Ohio) (*"Chandler I"*). On appeal, this court affirmed the district court's order granting the University summary judgment. *Chandler I*, No. 97–4465, 1999 WL 196530, 1999 U.S.App. LEXIS 5355 (6th Cir. Mar. 22, 1999).

management order, discovery closed on October 24, 1999. The University filed a motion for summary judgment, and Chandler failed to file a response by the January 2, 2000, deadline. On January 14, Chandler requested more time to respond to the motion for summary judgment and an extension of discovery. The court denied this request two weeks later. Pursuant to Chandler's March 3 request for reconsideration or for dismissal without prejudice, the district court agreed to dismiss the complaint without prejudice but imposed the following conditions on refiling:

If Chandler chooses to re-file her claims in federal court, or if she re-files claims in state court and the defendants remove the action to federal court, then:

1. she must promptly notify the Clerk of the Court that her re-filed action is related to this action.

2. the Court will stay the re-filed action until she makes payment to [the University] of the costs of this action. Costs of this action will include attorney fees incurred by [the University] in connection with the *drafting and filing* of its motion for summary judgment (but not the attorney fees incurred by [the University] in connection with the *discovery* that led up to the filing of the motion for summary judgment). If Plaintiff fails to pay these costs to [the University] within a reasonable period of time after her re-filed action is brought to this Court, then the Court will dismiss her re-filed case *with prejudice.*

3. *Before* she pursues any re-filed action, Chandler must contact counsel for [the University] to obtain a statement of the amount of the costs she must reimburse [the University]. [The University] shall promptly provide Chandler with such a statement. Chandler may then dispute the amount, via motion to the Court, but only after paying to [the University] one half (50%) of the total amount stated.

In the alternative, the district court "st[ood] prepared to reopen this action in its current status and rule on defendant's pending, unopposed motion for summary judgment." Chandler did not request that the district court decide the University's pending motion for summary judgment.

On May 18, 2000, the University notified Chandler that the cost for the drafting and filing of the motion for summary judgment was $8,369.33. Approximately ten months later, Chandler filed her third complaint against the University, making claims identical to the claims in *Chandler II.* Chandler also filed a motion for leave to proceed without paying the University's fees because she claims that she is unable to pay more than $1800. She did not dispute the accuracy of the University's fees in filing its motion for summary judgment in *Chandler II.* The district court denied the motion and dismissed the action with prejudice for failure to comply with the condition of the previous dismissal. Chandler timely appeals the dismissal.

## II.

A district court's decision to dismiss a refiled claim for failure to meet conditions imposed on the dismissal of an earlier case is reviewed for an abuse of discretion. *Duffy v. Ford Motor Co.,* 218 F.3d 623, 629 (6th Cir.2000). "An abuse of discretion occurs when we are left with the 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors' or 'where [the trial court] improperly applies the law or uses an erroneous legal standard.'" *Paschal v.*

*Flagstar Bank,* 295 F.3d 565, 576–77 (6th Cir.2002) (quoting *Huey v. Stine,* 230 F.3d 226, 228 (6th Cir.2000)). In this case, Chandler raises only two very limited issues on appeal. Specifically, she argues that the district court did not have authority to require her to pay defendant's attorney fees and that if the district court had the authority, it abused its discretion in imposing attorney fees because it failed to consider her ability to pay.

■ Chandler's first argument is that the district court required her to pay attorney fees pursuant to FED. R. CIV. P. 41(d) and that "attorney fees are not available under Rule 41(d)." *Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 874 (6th Cir.2000). Defendant counters that the condition on Chandler's ability to refile was imposed pursuant to Rule 41(a)(2) and not Rule 41(d). Rule 41(a)(2) authorizes the district court to voluntarily dismiss "upon such terms and conditions as the court deems proper." Prior to voluntarily dismissing *Chandler II,* the district court specifically found that under the circumstances, it was proper to condition Chandler's ability to refile on her paying defendant's attorney fees. Thus, the district court did not abuse its discretion as it has the authority to condition refiling on payment of attorney fees pursuant to Rule 41(a)(2).

■ As the district court had the authority to impose a condition on refiling. Chandler claims that the district court abused its discretion by not considering her financial ability to meet the refiling condition. This court has explicitly rejected this argument. *Duffy,* 218 F.3d at 630 n. 4. Therefore, the district court did not abuse its discretion by not tailoring its condition for refiling to Chandler's financial means.

## III.

For the foregoing reasons, we AFFIRM the district court's dismissal with prejudice.